No. 1529.—SHEPHERD BROOKS v. HUGH MONTGOMERY et al.

The sale of property which has been seized by the Marshal of the United States, under a writ of *fieri facias* which has issued from the Circuit Court thereof, can not be enjoined by a State court, on the allegation of a third party that the property seized belongs to him, and is not that of the defendant in the suit under which the *fi. fa.* issued. In all cases of this kind the court which issued the original process by which the seizure was made, has the exclusive right to determine its jurisdiction in the case.

APPEAL from the Fifth District Court, parish of Orleans. *Duplantier*, J. *Hays & New* and *Semmes & Mott*, for plaintiff and appellant. *J. H. Halsey*, for defendants and appellees.

WYLY, J. The plaintiff has appealed from the judgment dissolving the injunction sued out by him in the Fifth District Court of New Orleans, to restrain the sale of certain property seized by the Marshal, under a *fi. fa.* issued on the judgment of Hugh Montgomery v. Henry Shepherd, Jr., in the Circuit Court of the United States, on the ground that said property belongs to him and not to the judgment debtor.

The question is, can a party enjoin in a State court the process of a United States court, on the allegation that the thing seized belongs to him and not to the person against whom the writ is directed? We think that he can not. The court issuing the process ought to have

the right to determine its jurisdiction as to the thing seized thereunder, in order to avoid conflict between the Federal and State courts. The two systems of judicature could not be administered in harmony in the same State if the jurisdiction of the court of one system, as to the person or thing seized by its process, is to be measured by the court of the other.

This question was elaborately examined by the Supreme Court of the United States in the case of Freeman *v.* Howe, 24 Howard 453, where a number of railroad cars, attached by process of the United States Circuit Court, were taken out of the possession of the Marshal by the Sheriff, under a writ of replevin issued by a court in the State of Massachusetts; and the court held that whether the railroad cars which were seized were or were not the property of the railroad company, was a question for the United States court which had issued the process to determine; that although both parties to the replevin were citizens of Massachusetts, yet the plaintiffs were not remediless in the Federal courts. They should have filed, a bill on the equity side of the court from which the process of attachment issued, which bill would not have been an original suit, but supplementary merely to the original suit out of which it had arisen; it would, therefore, have been within the jurisdiction of the court, and the proper remedy to have been pursued.

For the reasons stated, and on the authority of the case referred to, we think the court below did not err in declining the jurisdiction.

Let the judgment be affirmed, with costs.